UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TERESA L. COBB          )
                        )
v.                      )   NO. 2:04-CV-423
                        )
JO ANNE B. BARNHARDT,   )
Commissioner of Social Security )

## MEMORANDUM OPINION

The plaintiff Teresa L. Cobb has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Cobb was born in 1960 and was 43 years old at the time of her administrative hearing. [Tr. 16, 72]. She graduated high school and has relevant past work experience as a pipe welder and insulation helper. [Tr. 16, 43]. Ms. Cobb alleges she is disabled as of May 14, 2002, from rheumatoid arthritis, fibromyalgia, reflex sympathetic dystrophy, anxiety, and panic attacks. [Tr. 16]. Based upon a finding that her impairments were severe but not severe enough, the Administrative Law Judge [ALJ] found that Ms. Cobb was not disabled as defined by the Social

Security Act. [Tr. 18].

At Ms. Cobb's administrative hearing held on November 25, 2003, the testimony of Ms. Cobb and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 32-48]. Ms. Cobb testified her past relevant work was in construction. [Tr. 32-33]. She believed she could no longer return to that line of work because of anxiety and pain in her arms, back, legs, and ankles. [Tr. 34].

Vocational expert Dr. Norman Hankins testified next that Ms. Cobb's prior relevant work ranged from unskilled and heavy to skilled and medium. [Tr. 45]. The vocational expert was then asked to assume a woman of Ms. Cobb's age, education, and past relevant work experience and certification who was restricted to lifting 20 pounds occasionally and 10 pounds frequently and could only perform simple, low stress jobs that did not require interaction with the general public. [Tr. 45-46]. According to Dr. Hankins, such a person could perform such light work jobs as a maid, some janitorial positions, kitchen worker, kitchen helper, food preparer, sandwich maker, salad bar attendant, assembler, inspector, and machine tender. [Tr. 46]. If such a person were restricted to sedentary work activities, she could still work as an inspector, assembler, checker, and examiner. [Tr. 46-47]. However, if such a person's pain was of the severity and frequency that it frequently interfered with her ability to concentrate and persist on work tasks, she would be unable to work. [Tr. 47].

2

The ALJ ruled that Ms. Cobb was not disabled because the medical evidence indicated her rheumatoid arthritis, degenerative disc disease, and anxiety disorder were severe but not severe enough to warrant a finding of disability. [Tr. 18]. The ALJ then found Ms. Cobb retained the residual functional capacity [RFC] to "perform simple, unskilled work that does not expose [her] to excessive stress and that does not require contact with the public." [*Id.*]. After finding Ms. Cobb could not perform her past relevant work, the ALJ found that she could work as a maid, janitor, kitchen helper, food preparer, assembler, inspector, and machine tender. [Tr. 21].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Cobb requests summary judgment and claims the ALJ erred by failing to find that her fibromyalgia was an impairment. The ALJ wrote in his decision that consultative physician Dr. Karl Konrad's twelve-point fibromyalgia pressure point testing of Ms. Cobb was negative. [Tr. 17]. In addition, the only evidence in the medical record of fibromyalgia was in treatment notes from a 2001 doctor visit; a visit that occurred a year before her alleged onset date. [Tr. 137-41]. There is no medical evidence of continued treatment of fibromyalgia post-2001. Because Dr. Konrad's examination did not reveal fibromyalgia and because Ms. Cobb was not involved in ongoing treatment for fibromyalgia, the ALJ's finding that she was not impaired by the condition was based on substantial evidence.

Ms. Cobb also contends the ALJ erred by not considering her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Cobb's impairments three times in his decision. [Tr. 18, 20]. The ALJ focused Ms. Cobb's RFC on her allegations of pain and excessive stress when in contact with the public. [Tr. 20]. Finally, the hypothetical questions the ALJ asked the vocational expert also focused on Ms. Cobb's allegations of pain and

excessive stress when in contact with the public. [Tr. 45-46]. Based on the Sixth Circuit framework, the ALJ considered Ms. Cobb's impairments in combination.

Ms. Cobb also argues the ALJ erred by not finding her mental impairments were severe. The ALJ noted in his decision that Ms. Cobb continued to work for several years while medicated for anxiety and panic attacks. [Tr. 18]. The ALJ also mentioned that Ms. Cobb had never been hospitalized for psychiatric problems or received ongoing counseling for mental issues. [Tr. 19]. However, recognizing that Ms. Cobb did have some mental impairments, the ALJ allowed for a RFC of simple, unskilled work with no public contact and no excessive stress. [Tr. 20]. The ALJ's decision that Ms. Cobb did not have a severe mental impairment was made with substantial evidence.

Ms. Cobb finally contends the ALJ failed to give the proper weight to the opinion of her treating physician, Dr. James Louthan. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

In an undated letter, Dr. Louthan wrote, "Mrs. Cobb suffers from several

5

medical problems which preclude her from working. Her inability to work is based on her medical problems and her medications that she is taking to control them. Therefore, she will most likely not benefit from retraining classes to allow her to go back to work." [Tr. 172]. The ALJ noted, however, that treatment notes from Dr. Louthan indicated her neurology was within normal limits, and she had not had ongoing or aggressive treatment, hospitalization, or surgery. [Tr. 19]. And, the ALJ cited Social Security Ruling 96-5p, which states that a finding that a person is unable to work is not a medical opinion. [*Id*.]. Because the opinion of Dr. Louthan was neither echoed by diagnostic tests nor other evidence in the medical record, the ALJ gave the proper weight to his opinion.

After careful consideration of the entire record of proceedings related to this case, Ms. Cobb's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE

6

Case 2:04-cv-00423   Document 14   Filed 08/02/05   Page 6 of 6   PageID #: 6